IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| CRAIG MITCHELL HARRIS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case 1:25-cv-0053-KK-KRS |
| | ) | |
| ISMAEL ESTRADA and SAIA MOTOR FREIGHT LINE, LLC., | ) ) | |
| | ) | |
| *Defendants*. | ) | |

## ORDER TO AMEND NOTICE OF REMOVAL

THIS MATTER is before the Court *sua sponte* upon its review of the Notice of Removal. Plaintiff filed a Complaint for Damages against Defendants Ismael Estrada and Saia Motor Freight Line, LLC ("Saia") in the Second Judicial District, Bernalillo County, New Mexico (Doc. 1-2), which Defendants removed to this Court on January 16, 2025, asserting federal court subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332 (a). (Doc. 1 ¶ 3). "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006)). As the parties asserting federal jurisdiction, Defendants bear the burden of pleading and proving subject matter jurisdiction. *Anderson v. XTO Energy, Inc.*, 341 F. Supp. 3d 1272, 1275 (D.N.M. 2018). Having considered Defendants' jurisdictional allegations, the applicable law, and being otherwise fully advised in the premises, the Court concludes that the Notice of Removal fails to allege the necessary facts to sustain diversity jurisdiction.

To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). Complete diversity means that no plaintiff may be a citizen of the same state as any defendant. *Id.* "[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (internal quotation marks and citations omitted). Typically, the required showing to invoke diversity jurisdiction is satisfied by the removing defendant filing "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)); *see, e.g., McEntire v. Kmart Corp.*, No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *3 (D.N.M. Feb. 9, 2010) ("At the point of the filing of the notice of removal, … the defendant need only state the facts upon which jurisdiction is based." (citing *Laughlin v. Kmart Corp*., 50 F.3d at 873 ("[T]he requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.") (emphasis added)))

**<u>Citizenship of an Individual</u>**

Citizenship of an individual for diversity-jurisdiction purposes is determined by a person's domicile, and a person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit. *See Crawley v. Glaze*, 710 F.2d 776, 678 (10th Cir. 1983). Generally speaking, "an allegation that a party ... is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court." *Siloam Springs Hotel, L.L.C. v. Century Surety Co*., 781 F.3d 1233, 1238 (10th Cir. 2015).

The Notice of Removal alleges that, "[a]ccording to his Complaint and upon other information and belief, Plaintiff Craig Mitchell Harris is a resident and citizen of Bernalillo County, New Mexico." (Doc. 1 ¶ 7). The state court complaint actually alleges only that Harris is a resident of New Mexico. Defendants' allegation that Harris is a citizen of New Mexico is a legal conclusion based on Plaintiff's allegation of his residence. While "allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity," *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972), it is also true that "a person's place of residence is prima facie evidence of his or her citizenship." *McEntire*, 2010 WL 553443, at *3 (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Accordingly, subject to any challenge Plaintiff might raise, Defendant has adequately alleged that Plaintiff is a citizen of New Mexico based upon Plaintiff's allegation in the state court complaint that he resides in that state. *See, e.g., Lee v. BMW of N.A, LLC,* No. SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019)

The Notice of Removal also alleges that "Defendant Ismael Estrada is a resident of El Paso County, Texas." (Doc. 1, ¶ 8). Again, however, residency is not synonymous with citizenship, and therefore this allegation is insufficient to allege diversity jurisdiction. *See, e.g., Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("The allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Simon v. Taylor,* 455 F. App'x 444, 446 (5th Cir. 2011) ("an allegation that the parties are 'residents' of particular states is insufficient to provide the court with diversity jurisdiction"); *Kantrow v. Celebrity Cruises Inc.,* 533 F. Supp. 3d 1203, 1215 (S.D. Fla. 2021) (citing additional cases). This is more than a mere technical defect in Defendant Estrada's allegation regarding his own citizenship. Not only is it possible for "one [to] reside in one place but be domiciled in another," *Miss. Band of Choctaw*

*Inds. v. Holyfield*, 490 U.S. 30, 48 (1989), it is not that uncommon for an individual to do so. Furthermore, delay in requiring Defendants to clarify the matter would "only compound[ ] the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed." *Lowe v. Travelers Home & Marine Ins. Co.*, No. 19-CV-00983-PAB, 2019 WL 1615070, at *1 (D. Colo. Apr. 15, 2019).

### **Citizenship of an LLC**

The Notice of Removal alleges that Defendant SAIA is a limited liability company formed in the state of Georgia with its principal place of business also in Georgia. (Doc. 1 ¶ 9). This allegation incorrectly uses the legal test for determining the citizenship of a corporation for determining the citizenship of a limited liability company ("LLC"). That is, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Gadlin v. Sybron Int'l Corp.,* 222 F.3d 797, 799 (10th Cir.2000) (quoting 28 U.S.C. § 1332(c)(1)). But the rule for determining the citizenship of a corporation does not apply to a limited liability company. *See Carden v. Arkoma Assocs.,* 494 U.S. 185 (1990). Instead, a limited liability company "takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1238 (10th Cir. 2015). Moreover, "[w]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court."[1]

---

[1] *Woodward, Inc. v. Zhro Sols., LLC,* No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships. A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." (internal citations omitted)); *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008) (noting defendants' acknowledgment "that

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *Hendrix v. New Amsterdam Casualty Co*., 390 F.2d 299, 300 (10th Cir. 1968). Technical defects, however, may be cured by amendment of the notice. *See id.* at 300-02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 (Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.). Accordingly, the Court will give Defendants the opportunity to amend their Notice of Removal by adding allegations showing the citizenship of each of the parties, as set forth above.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that on or before **March 17, 2025**, Defendants shall file an amended Notice of Removal that properly alleges all of the elements for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if such an amended Notice of Removal is not filed by March 17, 2025, the Court may recommend to the presiding trial judge that the case be remanded to state court. *See* 28 U.S.C. § 1447(c) ("…. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

the weight of authority generally requires them to drill down through each layer of ownership, showing the citizenship of each member of each component limited-liability corporation that, collectively, comprise Strategic Real Estate Investors, LLC"); T*urner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd*., Civil Action No. 06–88–A, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be ....")).

IT IS SO ORDERED this 3rd day of March, 2025.

                                                                                              _____
                                                                                              KEVIN R. SWEAZEA
                                                                                              UNITED STATES MAGISTRATE JUDGE