IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRAIG MITCHELL HARRIS,                )
                                      )
        *Plaintiff,*                  )
                                      )
v.                                    )        Case 1:25-cv-0053-WJ-KRS
                                      )
ISMAEL ESTRADA and SAIA MOTOR         )
FREIGHT LINE, LLC,                    )
                                      )
        *Defendants*.                 )

**ORDER TO SHOW CAUSE AND TO FILE RULE 7.1 STATEMENT**

THIS MATTER is before the Court *sua sponte* upon its review of Defendants' First Amended Notice of Removal. (Doc. 10). On March 3, 2025, the Court issued an Order to Amend Notice of Removal (Doc. 7), in which it ordered Defendants to amend their notice of removal to properly allege the elements required for diversity jurisdiction, as set forth in the Order to Amend. Thereafter, Defendants filed their First Amended Notice of Removal (Doc. 10), which fails to correct the pleading deficiencies in the original Notice of Removal as set forth in the Court's Order to Amend. Accordingly, Defendants are now ordered to show cause why the undersigned should not recommend that the case be remanded to state court due to deficient jurisdictional allegations.

The Order to Amend identified two deficiencies in the jurisdictional allegations of the Notice of Removal (Doc. 1). First, Defendants were directed to amend the jurisdictional allegations in the Notice of Removal regarding Defendant Estrada. The Notice of Removal alleged that Estrada was a resident of Texas. As the Order to Amend explained, an individual's citizenship for purposes of the diversity statute is determined by domicile rather than residence. *See* (Doc. 7 at 2 (citing, *inter alia*, *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th

Cir. 2015) ("an allegation that a party ... is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court"))).

The First Amended Notice of Removal purports to correct the jurisdictional allegations regarding Defendant Estrada by alleging that Estrada "is a resident *and citizen* of" Texas. (Doc. 10 ¶ 8 (emphasis added)). But the addition of the phrase "and citizen" does not cure the defect in the original jurisdictional allegations because it states a legal conclusion (citizen), which continues to be based solely on the factual allegation of residence. "Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction 'must allege in his pleading the facts essential to show jurisdiction.'" *Celli v. Shoell,* 40 F.3d 324, 327 (10th Cir. 1994) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)). Furthermore, the facts alleged to show the citizenship of the party in question must satisfy the plausibility pleading standard. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). As Defendants were previously informed, citizenship turns on domicile, which is defined as residency *combined with* an intent to remain indefinitely in the place in question. *See* (Doc. 7 at 2 (citing *Crawley v. Glaze*, 710 F.2d 776, 678 (10th Cir. 1983)). For the Court to plausibly conclude that Defendant Estrada is a citizen of Texas, Defendants must allege, if they are able to do so, that Estrada is *domiciled* in Texas, or, in other words, that he resides in Texas *with the intent of remaining there indefinitely*.

The second jurisdictional defect identified by the Order to Amend concerns the Notice of Removal's allegations regarding the citizenship of Defendant SAIA Motor Freight Line, LLC. As the Order to Amend explained, a limited liability company takes the citizenship of all its members, and when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as

necessary to unravel fully the citizenship of the entity before the court. *See* (Doc. 7 at 4 (quoting

*Siloam Springs Hotel, L.L.C.,* 781 F.3d at 1238, and *Woodward, Inc. v. Zhro Sols., LLC,* No. 18-

CV-01468-PAB, 2018 WL 11455060, at \*2 (D. Colo. June 13, 2018))).

The First Amended Notice of Removal attempts to correct the deficient allegations

regarding the citizenship of Defendant SAIA Motor Freight Line, LLC by alleging that SAIA

"does not have any members that are incorporated or have a principal place of business in the state

of New Mexico." (Doc. 12 ¶ 10). In the first place, this allegation assumes, without affirmatively

alleging, that all members of SAIA Motor Freight Line are corporations, whose citizenship would

be determined by their place of incorporation and principal place of business. But the Court cannot

plausibly conclude the members are all corporations when Defendants have neither alleged they

are nor identified the entities in question. Moreover, "[a]lleging a party is not a citizen of a

particular state has been found insufficient to give jurisdiction." *PDII, LLC v. Sky Aircraft Maint.,*

*LLC*, No. 1:24CV430, 2024 WL 4349081, at \*3 (M.D.N.C. Sept. 30, 2024) (quoting *Cameron v.*

*Hodges*, 127 U.S. 322, 324 (1888)), *report and recommendation adopted*, No. 1:24CV430, 2024

WL 4542810 (M.D.N.C. Oct. 22, 2024); *accord D.B. Zwirn Special Opportunities Fund, L.P. v.*

*Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) ("*Cameron* remains the governing precedent.");

*SunTrust Bank v. Vill. at Fair Oaks Owner, LLC,* 766 F. Supp. 2d 686, 693-94 (E.D. Va. 2011)

(citing *Cameron* for the rule "that negative allegations of citizenship are insufficient to establish

diversity of citizenship"); *Thurston v. Page*, 920 F. Supp. 152, 154 (D. Kan. 1996) (citing 13B

Charles A. Wright, Arthur R. Miller, Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE

§ 3611, at 517–18 (2d ed. 1984), for the proposition that "[a] negative statement that a party is not

a citizen of a particular state is not sufficient because it does not eliminate the possibility that the

party is not a citizen of any state'").

As in *Pentair Flow Techs., LLC v. L.I. Dev. Kansas City, LLC*, No. 22-2241-JAR-ADM, 2022 WL 2290532, (D. Kan. June 24, 2022), Defendants' allegations are deficient because they have "not identified defendant's members, let alone alleged their citizenship. Rather, [Defendants] simply state[ ] that [SAIA] ["does not have any members that are citizens of New Mexico" (Doc. 12 ¶ 10)]." *Pentair Flow Techs,* 2022 WL 2290532, at *1 (internal citations omitted). "[W]hen a removing party 'pleads a negative, merely alleging that [its] members are not citizens of certain states,' that party has 'failed to satisfy [its] burden of establishing diversity of citizenship.'" *PDII, LLC,* 2024 WL 4349081, at *3 (quoting *Percival Ptners. Ltd. v. Nduom*, No. 1:22-CV-16 (RDA/WEF), 2023 WL 2088421, at *5 (E.D. Va. Feb. 17, 2023), *aff'd*, 99 F.4th 696 (4th Cir. 2024)); *accord Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *Receivership Est. of Mann Bracken, LLP v. Cline,* No. RWT 12CV292, 2012 WL 2921355, at *5 (D. Md. July 16, 2012).[1] Thus, Defendants may not rely on a negative allegation of citizenship as to SAIA, but must instead "specifically *identify*" each member of that entity, through every layer of ownership until either an individual owner or corporate owner is reached, finally stating the citizenship of the individual and/or corporate owners based on the citizenship rules applicable to those types of parties. *Hummell v. MV Realty of Kansas LLC*, No. 22-CV-2383-EFM, 2022 WL 14624984, at *2 (D. Kan. Oct. 25, 2022) (emphasis added).

---

[1] *See also LS3 Inc. v. Cherokee Fed. Sols., L.L.C.*, No. 20-CV-03555-PAB-MEH, 2023 WL 2390710, at *3 (D. Colo. Mar. 7, 2023) (allegation "that Cherokee Nation Businesses is 'not a citizen of Maryland' held not sufficient); *Depositors Ins. Co. v. Evan-Talan Homes, Inc.*, No. 22-1217-JAR-KGG, 2022 WL 6727398, at *1 (D. Kan. Oct. 11, 2022) (rejecting allegation that corporate party did not have its principal place of business in Kansas because it was insufficient for the court to determine the validity of the claimed diversity); *Simmons v. Rosenberg,* 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state other than New York held clearly insufficient to establish diversity jurisdiction).

If Defendants are unable to affirmatively allege facts essential to a showing of federal subject matter jurisdiction, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c). However, before making that recommendation to the presiding judge, the Court will give Defendants one last opportunity to amend their notice of removal to allege facts necessary to sustain diversity jurisdiction.

In addition, Defendant SAIA Freight Line, LLC has not filed a disclosure statement as required by Federal Rule of Civil Procedure 7.1(a). Subpart (a) requires SAIA to file a statement that "identifies any parent corporation and any publicly held corporation owning 10% or more of its stock," or else "state[ ] that there is no such corporation." FED. R. CIV. P. 7.1(a)(1). *In addition*, subpart (2) of Rule 7.1(a) requires that, "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must … file a disclosure statement … [that] *name*[*s*]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor … when the action is filed in or removed to federal court …." FED. R. CIV. P. 7.1(a)(2)(A) (emphasis added). Rule 7.1(a) disclosures were required to be filed when the case was removed from state court. *See* FED. R. CIV. P. 7.1(b).

ACCORDINGLY, IT IS HEREBY ORDERED THAT Defendants shall have until **April 22, 2025** to file a Second Amended Notice of Removal. IT IS FURTHER ORDERED that **no later than April 22, 2025,** Defendant SAIA Motor Freight Line, LLC shall file a disclosure statement containing the information required by Rule 7.1(a)(1) and (2). If Defendants do not file a Second Amended Notice of Removal and Rule 7.1(a) statement plausibly alleging a factual basis for

federal court jurisdiction within the stated deadline, the Court may recommend that the case be immediately remanded.

IT IS SO ORDERED this 10th day of April, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE