IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| CRAIG MITCHELL HARRIS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case 1:25-cv-0053-WJ-KRS |
| | ) | |
| ISMAEL ESTRADA and SAIA MOTOR | ) | |
| FREIGHT LINE, LLC, | ) | |
| | ) | |
| *Defendants*. | ) | |

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on April 17, 2025. At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below. Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

(a) Maximum of **thirty (30)** interrogatories by each side, with responses due **thirty (30)** days after service.

(b) Maximum of **thirty (30)** requests for admission by each side, with responses due **thirty (30)** days after service.

(c) Maximum of **eight (8)** depositions by each side. Each deposition is limited to a maximum of **six (6) hours** unless extended by agreement of the parties.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a) Deadline for Plaintiff to move to amend pleadings or join additional parties: **June 16, 2025.**

(b)     Deadline for Defendants to move to amend pleadings or join additional parties: **June 30, 2025.**

(c)     Termination of Fact Discovery: **August 11, 2025.**

(d)     Motions relating to Fact Discovery: **August 25, 2025.**

(e)     Expert Discovery Begins: **September 1, 2025.**

(f)     Deadline for Plaintiff's expert reports: **September 15, 2025.**[1]

(g)     Deadline for Defendants' expert reports: **October 14, 2025**.

(h)     Termination of Expert Discovery: **December 15, 2025**.

(i)     Motions relating to Expert Discovery: **January 5, 2026**.

(j)     All other motions:[2] **January 15, 2026**.

(k)     Deadline for supplementing discovery/disclosures: **Due within thirty (30) days of receipt of information giving rise to the need for supplementation.**

(l)     Motions *in limine* (other than *Daubert*) and Pretrial Order: **To be set by the presiding judge**.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question. Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made

---

[1] The parties must have their experts ready to be deposed at the time they identify them and produce their reports.

[2] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order. Counsel should review and comply with the chambers-specific guidelines for the presiding and referral judges assigned to this case, which are available at *https://www.nmd.uscourts.gov/judges*. Each judge may have practices and submission procedures that counsel are expected to follow.

by motion and before the termination of discovery or the expiration of any applicable deadline. Discovery must be completed on or before the termination of the discovery deadline. A written discovery request must be propounded by a date that ensures the response to the request is due on or before the discovery deadline. The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time-period under Local Rule 26.6 to challenge a party's objections to answering discovery. The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

**SO ORDERED THIS 17th day of April 2025.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE